UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

MICHAEL VAUGHAN                                                              PLAINTIFF

v.                                                             CIVIL ACTION NO. 1:18-CV-P17-GNS

JAMES ERWIN et al.                                              DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Plaintiff, Michael Vaughan, filed a *pro se*, *in forma pauperis* 42 U.S.C. § 1983 complaint (DN 1) and amended complaint (DN 5).[1] This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, the complaint will be dismissed in part and allowed to continue in part.

**Motion for leave to file second amended complaint (DN 7)**

Plaintiff filed a second amended complaint which has been docketed as a motion for leave to file a second amended complaint (DN 7) because a party may only amend his pleading as of right one time within 21 days of serving it. Fed. R. Civ. P. 15(a)(1). To amend a second time, Plaintiff may amend only with the opposing party's written consent or the Court's leave. Fed. R. Civ. P. 15(a)(2).

In his proposed second amended complaint, Plaintiff adds an allegation that postdates the prior amended complaint that he received a book sent to him by a family member from Barnes and Noble, despite Barnes and Noble not being an "authorized vendor." He also adds an allegation that veterans and disabled veterans are protected classes and that he is a combat-related, service-connected disabled veteran.

---
[1] Under Fed. R. Civ. P. 15(a), "A party may amend its pleading once as a matter of course within: . . . 21 days after serving it[.]" Service has not yet occurred in this action.

**IT IS ORDERED** that DN 7 is **GRANTED**. *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires.").

## I. SUMMARY OF CLAIMS

Plaintiff, an inmate at the Roederer Correctional Complex (RCC), sues the following Defendants in their individual and official capacities: Kentucky Department of Corrections (KDOC) Commissioner James Erwin; former KDOC Commissioner Rodney Ballard; KDOC Deputy Commissioner Kimberly Potter-Blair; KDOC Deputy Commissioner and Warden Ravonne Sims; RCC Deputy Wardens Amy Robey and Sharon Veech; KDOC Director Chris Kleymeyer; KDOC employees Ashley Short and Debbie Kays; RCC Captain Cody St. Clair; and 20 Doe Defendants.

Plaintiff alleges that books he ordered in November 2017 to help him with his state-court post-conviction "petition for declaratory judgment" were censored by RCC as not being from an authorized distributor. He states that he ordered these books from the Human Rights Defense Center's (HRDC) Prison Legal News (PLN). He appealed the denial of his books to Defendant Sims. He alleges that the books were blocked after "the DOC already had notice (July 17 2017, EDKY 3:17-CV-57) and had been sued that their prison policy was unconstitutional."

The Court notes that the case Plaintiff refers to in the Eastern District of Kentucky, Civil Action No. 3:17-cv-57, was brought by the HRDC against almost all of the same Defendants as in this case. *Human Rights Defense Center v. Ballard*, Civil Action No. 3:17-cv-57-GFVT (E.D. Ky.). Plaintiff HRDC in that case alleges that Defendants "adopted and implemented mail policies prohibiting delivery of written speech from [HRDC] and other speakers, failed to provide adequate due process notice of and an opportunity to challenge the censorship, and

2

denied [HRDC] equal protection[.]" That case is still ongoing with a jury trial scheduled to commence on May 21, 2019.

Plaintiff also alleges that in December 2017, he ordered several books form Edward R. Hamilton Book Sellers (Bargain Books), but these books were also censored by RCC as not being from an authorized distributor. He likewise appealed the censorship of these books.

Plaintiff alleges that KDOC's and RCC's mail policies and practices are unconstitutional because they only allow books to be ordered from an "authorized vendor" or "legitimate distributor" but do not identify such vendors or distributors. He alleges that the two distributors from whom he ordered the books which were censored – HRDC/PLN and Edward R. Hamilton (Bargain Books) – are legitimate distributors. He alleges that the approved-vendor-only policy limits his freedom of speech in violation of the First Amendment. He further alleges that the policy is neither content-neutral nor does it further the goal of reducing contraband.

In his amended complaint, Plaintiff alleges that, in response to his open-records request, he was told by Defendant Sims that the reason his book orders were rejected was because they were ordered from unauthorized vendors; that the authorized vendors for RCC are Amazon and Books A Million; and that the reason those vendors were chosen is "because of the vast array of material they offer." He further alleges in his amended complaint that "all Roederer inmates are barred from accessing the Internet" but that "Amazon and Books-a-Million catalogues are all online and orders are taken only online." He further alleges that PLN and Edward R. Hamilton Books "have readily accessible written catalogues and paper order forms easily accessible by inmates." His amended complaint also adds a claim that Defendants' approved-vendor-only policy would bar veterans from using their GI Bill benefits because books paid for and sent from

universities and schools would be barred by that policy. As already noted, in his second amended complaint, Plaintiff alleges that he is a disabled veteran.

Plaintiff also alleges that he has been retaliated against and that his right to seek redress from the courts has been violated. He further alleges violations of his and other inmates' First Amendment right and Fourteenth Amendment right to equal protection and due process. Plaintiff also alleges a § 1983 civil conspiracy.

Plaintiff requests declaratory and injunctive relief and compensatory and punitive damages.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### A. Rights of other inmates

As a *pro se* litigant, Plaintiff may act as his own counsel in this matter. *See* 28 U.S.C. § 1654. However, he is not authorized to represent others in federal court. *See*, *e.g.*, *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) (explaining that "*pro se*" means to appear for one's self; thus, one person may not appear on another person's behalf in the other's cause). Thus, to the extent that Plaintiff's reference to the rights of other inmates evidences his wish to bring claims on behalf of other inmates, he may not do so.

### B. Monetary damages in official-capacity

Plaintiff's claims against Defendants in their official capacities are deemed claims against the Commonwealth of Kentucky itself. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). To state a § 1983 claim, a plaintiff must allege that a "person" acting under color of state law deprived the plaintiff of a right secured by the Constitution or federal law. *See* § 1983. States, state agencies, and state officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989). Thus, Plaintiff cannot seek money damages from these state officers in their official capacities, and he has failed to allege cognizable claims for monetary damages against Defendants in their official capacities under § 1983. Moreover, Defendants are immune from monetary damages under the Eleventh Amendment. *See id.* The Court will dismiss the claims for monetary damages against Defendants in their official capacities pursuant to § 1915A(b)(1) and (b)(2).

### C. Retaliation

Plaintiff alleges in the original complaint with respect to his retaliation claim that "[t]he Roederer Warden and KY DOC has retaliated against Vaughan by violating his 1st Amendment

Free Speech Rights by blocking the four books he ordered. The Warden blocked these books after the DOC already had notice . . . and had been sued that their prison policy was unconstitutional. The blocking of the Four PLN books represents retaliation."

To establish a claim for retaliation, Plaintiff must show: (1) he engaged in protected conduct; (2) he suffered an adverse action which would deter a person of ordinary firmness from continuing to engage in the protected conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). Plaintiff must show that the exercise of the protected right was a substantial or motivating factor in the retaliatory conduct. *See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977); *Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001).

Putting aside the question of whether Plaintiff has identified protected conduct that he was engaged in, as his reference to the Eastern District of Kentucky case brought by HRDC makes clear, KDOC has not allowed delivery of books published by HRDC to inmates on a number of occasions. This undercuts Plaintiff's argument that he was denied these books in retaliation for any activity. Moreover, as his amended complaint explains, the stated reason for the censorship of the books was because they were not ordered from the only two authorized vendors. His retaliation claim will be dismissed.

### D. Due process

Plaintiff's original complaint alleges that violations of his due-process rights are "inextricably linked to the First Amendment Violations involving censorship, retaliation, and impeding Vaughan's right to learn new information and ideas so he could effectively seek redress from the Court." However, the due-process violations he references in this section of the

original complaint are that Defendant Sims refused to respond to his book-censorship appeals or to respond to his open-records request.

In his amended complaint (DN 5), Plaintiff states that he received a response to his open records request from Defendant Sims, which stated that his materials requests were "rejected due to being ordered from an unauthorized vendor. The authorized vendors for Roederer are Amazon and Books a Million. These vendors were chosen because of the vast array of material they offer."

Plaintiff fails to state a due-process claim related to any failure to respond to his open-records request, the denial of his appeals, or the failure to respond to his appeals.

First, it appears that Plaintiff's open records request has now been answered. In any event, while it is possible to allege a procedural due-process claim involving the open-records act, the Kentucky Open Records Act, Ky. Rev. Stat. § 61.870 *et seq.*, provides for an appeals process for requests that are denied. Under Ky. Rev. Stat. § 61.880(2), an individual who receives an unsatisfactory response to an open-records request may appeal to the Attorney General. The individual may then appeal the Attorney General's decision in the circuit court of the county where the public records are maintained. Ky. Rev. Stat. § 61.880(5). Thus, even if Defendants had not answered his open-records request, because Plaintiff has not alleged that he has availed himself of this state appellate procedure, he cannot state a procedural due-process claim under § 1983. *Violett v. Cohron*, No. 1:15-CV-P142-GNS, 2016 WL 1421200, at *5 (W.D. Ky. Apr. 8, 2016). This claim will be dismissed.

Plaintiff also alleges that his due-process rights were violated when, contrary to the requirement of Corrections Policies and Procedures (CPP) 16.2 II(B)(5)(c) governing inmate correspondence which requires the warden to respond to appeals in writing in 15 days, the

Warden refused to respond to his book-censorship appeal. However, the fact that the Warden did not respond to Plaintiff's appeal of the denial of his ordered books does not give rise to a constitutional violation. If the prison provides a grievance process, violations of its procedures do not rise to the level of a federal constitutional right. *Spencer v. Moore*, 638 F. Supp. 315, 316 (E.D. Mo. 1986); *O'Bryan v. Cty. of Saganaw*, 437 F. Supp. 582, 601 (E.D. Mich. 1977). Plaintiff has no right to an effective grievance procedure. *Ishaaq v. Compton*, 900 F. Supp. 935, 940-41 (W.D. Tenn. 1995); *Flowers v. Tate*, Nos. 90-3742, 90-3796, 1991 WL 22009 (6th Cir. Feb. 22, 1991). Therefore, Plaintiff's due-process claims will be dismissed

### E. Access to court

An inmate who claims his access to the courts was denied merely because he was denied access to certain books fails to state a claim. *Walker v. Mintzes*, 771 F.2d 920, 932 (6th Cir. 1985). Rather, the inmate "must go one step further and demonstrate that the alleged shortcomings [in his access to a book or books] hindered his efforts to pursue a [non-frivolous] legal claim." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). In other words, a plaintiff must demonstrate an actual injury such "as the late filing of a court document or the dismissal of an otherwise meritorious claim." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); *Lewis*, 518 U.S. at 356 (advising that no actual injury occurs without a showing that such a claim "has been lost or rejected, or that the presentation of such a claim is currently being prevented").

Plaintiff makes no such allegations regarding his access-to-court claim, which, in his complaint he labels redress from court. Instead, he alleges that he timely filed a petition for rehearing and a petition for declaration of rights in state court, albeit without the "benefit, knowledge, and information contained in the PLN books." He, therefore, fails to state a claim upon which relief may be granted regarding access to the courts.

**F. Equal protection**

Plaintiff alleges that "[b]y arbitrarily permitting some publications to be delivered to Plaintiff from some vendors and publishers, while specifically excluding books from other vendors and publishers, Defendants violated Plaintiff's equal protection rights . . . ." He also alleges that "Defendants' use of an imaginary pre-approved vendor list, which does not include other publishers and distributors speech, violates Plaintiffs and other inmates equal protection rights."

In order to state a claim under the Equal Protection Clause of the Fourteenth Amendment pursuant to § 1983, a plaintiff claiming discrimination must ordinarily allege that a state actor intentionally discriminated against him because of his membership in a protected class. *See Henry v. Metro. Sewer Dist.*, 922 F.2d 332, 341 (6th Cir. 1990). However, Plaintiff is not a member of a protected or suspect class simply by virtue of being a prisoner. *See United States v. King*, 62 F.3d 891, 895 (7th Cir. 1998) (holding that prisoners are not a suspect class for an equal protection claim). In his second amended complaint, Plaintiff alleges that he is a disabled veteran and, in his amended complaint, Plaintiff alleges that Defendants' policy of only accepting books from Amazon and Books-A-Million would bar veterans from using their GI Bill benefits because, he alleges, books paid for and sent from universities would be barred by that policy. However, even assuming that an equal-protection violation occurs where prison policy does not allow books to be sent to a veteran from a university paid for by the GI Bill, Plaintiff cannot bring this claim. Plaintiff does not allege that he was actually injured by this policy. Because he lacks standing to bring this claim, the Court will dismiss this claim. *See Bennett v. Spear*, 520 U.S. 154, 162 (1997) (holding that to have standing a plaintiff must demonstrate, among other things, that he suffered an injury-in-fact).

It is also possible for a plaintiff to proceed in an equal-protection claim as a "class of one." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam). In order to establish a cause of action under the Equal Protection Clause based on a "class of one," Plaintiff must demonstrate "'that [h]e has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.'" *Franks v. Rubitschun*, 312 F. App'x 764, 766 (6th Cir. 2009) (internal citation omitted). However, the crux of Plaintiff's complaint is that Defendants do not allow books by certain vendors to be delivered at all to inmates, and not just to him. He, therefore, has not alleged a class-of-one, equal-protection claim.

Plaintiff has failed to state a claim under the Equal Protection Clause of the Fourteenth Amendment.

### G. Civil conspiracy

To prevail on a claim of civil conspiracy in violation of § 1983, Plaintiff must show that there is "'an agreement between two or more persons to injure another by unlawful action.'" *Robertson v. Lucas*, 753 F.3d 606, 622 (6th Cir. 2014) (quoting *Revis v. Meldrum*, 489 F.3d 273, 290 (6th Cir. 2007)). Specifically, Plaintiff must show "'that (1) a single plan existed, (2) the conspirators shared a conspiratorial objective to deprive [P]laintiff[] of [his] constitutional rights, and (3) an overt act was committed' in furtherance of the conspiracy that caused the injury." *Id.* (quoting *Revis*, 489 F.3d at 290). Conclusory allegations of a conspiracy do not give rise to a claim. *See, e.g.*, *Sango v. Place*, No. 16-2095, 2016 WL 9413659, at *2 (6th Cir. Dec. 21, 2016); *Anderson v. Cty. of Hamilton*, 780 F. Supp. 2d 635, 652 (S.D. Ohio 2011).

Here, Plaintiff only alleges that the "conduct of Defendants represented an agreement between defendants to impede Plaintiff and other inmates from learning and receiving the

information and ideas concerning their rights as inmates." Plaintiff does not plead the "specifics" of any alleged conspiracy such as "when, where, or how the defendants conspired." *Lawrence v. Thompson*, No. 3:14-CV-P919-DJH, 2015 WL 3935837, at *9 (W.D. Ky. June 26, 2015) (quoting *Perry v. Se. Boll Weevil Eradication Found., Inc.*, 154 F. App'x 467, 477 (6th Cir. 2005)). Because Plaintiff's allegations are simply conclusory allegations of a conspiracy, they do not survive initial review.

### III. CONCLUSION AND ORDER

For the foregoing reasons,

**IT IS ORDERED** that all claims for monetary damages against all Defendants in their official capacities are **DISMISSED** for failure to state a claim and for seeking monetary relief from Defendants who are immune pursuant to 28 U.S.C. § 1915A(b)(1), (2).

**IT IS FURTHER ORDERED** that Plaintiff's claims of retaliation, for violation of due process, for access to court, for equal protection, and for civil conspiracy are **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915A(b)(1).

The Court will allow Plaintiff's claim that his First Amendment right to free speech was violated when he was not allowed to order certain books to continue against Defendants in their individual capacities for all relief and in their official capacities for declarative and injunctive relief.

A separate Order Regarding Service and Scheduling Order will be entered to govern the

development of the continuing claims. In allowing those claims to continue, the Court expresses

no opinion on their ultimate merit.

Date: May 21, 2018

Greg N. Stivers, Judge
United States District Court

cc: Plaintiff, *pro se*
Defendants
General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4416.009