# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## BOWLING GREEN DIVISION

MICHAEL VAUGHAN                                                    PLAINTIFF

v.                                              CIVIL ACTION NO. 1:18-CV-P17-GNS

JAMES ERWIN et al.                                                 DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Plaintiff Michael Vaughn has filed two *pro se* motions for temporary restraining order (TRO) and preliminary injunction (DNs 13 and 24). Defendants have responded (DN 31), and Plaintiff has replied (DN 34). For the following reasons, the Court will deny Plaintiff's motions.

The claim in this case that has been allowed to proceed is Plaintiff's claim that his First Amendment right to free speech was violated when he was not allowed to order certain books.

In his first motion, Plaintiff alleges that Defendants have "viciously retaliated" against him. He states that after his second amended complaint was filed in this case, another book was censored; Defendant St. Clair, an employee of the Roederer Correctional Center (RCC) arrested, assaulted, and battered Plaintiff; Plaintiff was held in administrative segregation for 24 days; and Plaintiff lost good-time credit. He also alleges that he has been transferred from RCC to Luther Luckett Correctional Complex (LLCC) in retaliation. He asks for an order prohibiting Defendants from retaliating against him further, prohibiting his transfer from RCC, prohibiting Defendant St. Clair from coming within 500 feet of him, and reinstating him to certain 90-day programs. He attaches 114 pages of exhibits.

Plaintiff's second motion asks for an injunction against the enforcement of Ky. Rev. Stat. § 454.415(2) and Kentucky Department of Corrections (KDOC) CPP 15.7 "as they

unconstitutionally impede inmates access to the Courts, by preventing inmates from" paying court filing fees to file documents.

In response, Defendants argue that Plaintiff has not complied with Fed. R. Civ. P. 5, requiring that pleadings filed after the original complaint must be served on every party. In reply, Plaintiff argues that any Rule 5 problems were caused by Defendants' counsel. The Court declines to deny Plaintiff's motions on this ground. Defendants have suffered no prejudice by the lack of service by Plaintiff and have, in fact, responded.

Defendants further argue that Plaintiff's claims for injunctive relief are moot because Plaintiff has been transferred to another facility. According to Defendants' response, Plaintiff was transferred on March 27, 2018, before the Court screened the complaint and before a copy of the complaint was served on Defendants.

Plaintiff takes issue with Defendants' assertion that he was transferred to LLCC before they knew of the complaint in this suit and asks for this Court to provide him with all PACER log files for all access by any account with "@KY.GOV" as the primary email address in this case. However, it matters not when Plaintiff was transferred because Plaintiff has no right to be incarcerated in a particular institution unless the state has created a liberty interest in remaining at a particular institution. *Beard v. Livesay*, 798 F.2d 874, 876 (6th Cir. 1986). This is not the case in Kentucky where transfer of prisoners is within the discretion of the corrections cabinet. *See* Ky. Rev. Stat. § 197.065. Moreover, Defendants are correct that Plaintiff's requests for injunctive relief involving incidents occurring at and employees of RCC are moot because he is no longer incarcerated there. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996).

Plaintiff argues that his claims cannot be mooted because he has asked for monetary relief; however, monetary damages are generally not available in a motion for a preliminary

2

injection or TRO. *Gelco Corp. v. Coniston Partners*, 811 F.2d 414, 420 (8th Cir. 1987); *United Health Grp. Inc. v. Mesa*, No. 07-3952, 2007 WL 2872382, at *2 (D. Minn. Sept. 27, 2007).

Moreover, to the extent that Plaintiff's requests for injunctive relief are not moot because they relate to actions of KDOC, in which Plaintiff is still incarcerated, his requests must be denied because they do not relate to the conduct alleged in the complaint. Because "[t]he purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held," *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981), the "party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and conduct asserted in the complaint." *Colvin v. Caruso*, 605 F.3d 282, 300 (6th Cir. 2010) (quoting *Devose v. Herrington*, 42 F.3d. 470 (8th Cir. 1994)). This is because "[t]he purpose of interim equitable relief is to protect the movant, during the pendency of the action, from being harmed or further harmed in the manner in which the movant contends [he] was or will be harmed through the illegality alleged in the complaint." *Id.* (quoting *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997)).

For the foregoing reasons, Plaintiff's motions (DNs 13 and 24) are **DENIED**.

Date:   September 5, 2018

**Greg N. Stivers, Judge**
**United States District Court**

cc:     Plaintiff, *pro se*
        Counsel of record
4416.009

3