# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
### BOWLING GREEN DIVISION

MICHAEL VAUGHAN                                             **PLAINTIFF**

v.                                             **CIVIL ACTION NO. 1:18-CV-P17-GNS**

JAMES ERWIN et al.                                             **DEFENDANTS**

## <u>MEMORANDUM OPINION AND ORDER</u>

*Pro se* Plaintiff Michael Vaughan filed a renewed motion for leave to file a fourth amended complaint (DN 64) with an attached proposed fourth amended complaint. For the following reasons, the Court will grant that motion in part and deny it in part.

Plaintiff's complaint and second amended complaint, which the Court considered on initial review, were filed while Plaintiff was housed at the Roederer Correctional Complex (RCC). Plaintiff has since been transferred to the Luther Luckett Correctional Complex (LLCC).

Plaintiff's proposed amended complaint seeks to add twelve new Defendants in their individual and official capacities. Five of the newly named Defendants are employees at the RCC: Unit Administrator Rebecca Barker; computer technician Eric Ribenboim; Major Arnold Chisholm; Lt. Geisler; and Angela French. The remainder of the newly named Defendants are employees of LLCC, where Plaintiff has been transferred: Warden Scott Jordan; Deputy Wardens James Coyne, Jessie Stacks, and Jessie Ferguson; Cathy Buck; Dagon Moon; and Captain Tim Forgy.

All claims arising after the dates of the complaint and amended complaints considered by the Court on initial review are actually considered to be supplementing rather than amending the complaint. Rule 15(d) of the Federal Rules of Civil Procedure provides in pertinent part: "On motion and reasonable notice, the court may, on just terms, permit a party to serve a

supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." "[A] supplemental pleading addresses events occurring subsequent to the initial pleading and adds to such pleading." *Habitat Educ. Ctr., Inc. v. Kimbell*, 250 F.R.D. 397, 401 (E.D. Wis. 2008).

The granting of a motion to file a supplemental pleading is within the discretion of the trial court and, as a general rule, applications for leave to file a supplemental pleading are normally granted. *Stewart v. Shelby Tissue, Inc.*, 189 F.R.D. 357, 362 (W.D. Tenn. 1999). Motions to supplement under Fed. R. Civ. P. 15(d) must be presented within a reasonable period of time. *Id.*

A supplemental pleading may include new facts, new claims, new defenses, and new parties. *Id.* at 361. Such events need not arise out of the same transaction or occurrence as the original claim but must have some relationship to the original pleading. *Habitat*, 250 F.R.D. at 402. In considering whether to allow a plaintiff to supplement his complaint, the Court should consider (1) undue delay in filing the motion; (2) lack of notice to adverse parties; (3) whether the movant is acting in bad faith or with a dilatory motive; (4) failure to cure deficiencies by previous amendments; (5) the possibility of undue prejudice to adverse parties; and (6) whether amendment is futile. *Bromley v. Mich. Educ. Ass'n-NEA*, 178 F.R.D. 148, 154 (E.D. Mich. 1998). Where the original pleading placed the defendant on notice that the disputed conduct was of a continuing nature, the supplemental complaint should be allowed. *Id.*

The rule does not, however, allow a plaintiff to add new claims relating to new events at a completely different prison involving not the original defendants but a whole new cast of characters. In such circumstances, leave to supplement should be denied, because there is "no

linkage" between the new allegations and those set forth in the original complaint. *See Klos v. Haskell*, 835 F. Supp. 710, 716 (W.D.N.Y. 1993).

Therefore, the Court will deny Plaintiff's motion insofar as it seeks to add the LLCC Defendants, *i.e.*, Defendants Jordan, Coyne, Stacks, Ferguson, Buck, Moon, and Forgy, and causes of action related to occurrences at LLCC, *i.e.*, Plaintiff's claim that the LLCC law library is inadequate.

### *Defendant Barker*

Plaintiff's only allegation regarding Barker has to do with grievances he filed. However, Plaintiff does not have a cause of action against Barker because "there is no cause of action for the improper adjudication, or failure to adjudicate, an inmate's grievances." *Shankle v. Tennessee*, No. 07-2454B/P, 2007 WL 4255245, at *2 (W.D. Tenn. Nov. 29, 2007); *see also Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006) ("Skinner's complaint regarding Wolfenbarger's denial of Skinner's grievance appeal, it is clear, fails to state a claim."); *Lee v. Mich. Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2004) ("Section 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance."); *Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003) (holding that defendants "cannot be subject to § 1983 liability simply because they denied [the plaintiff's] administrative grievances or failed to act based upon information contained in his grievances"). Consequently, the Court will deny leave to add Barker as a Defendant to this action because to do so would be futile.

### *Defendant French*

Plaintiff alleges that Defendant French is the RCC mail-room supervisor. He states that he filed a grievance about Defendant French reading two pieces of legal mail after RCC and the

Kentucky Department of Corrections were notified that Plaintiff had filed suit. He states that this grievance was "quashed using 'grievance gaming' by Defendant Barker." The Court will allow Plaintiff's claim against Defendant French for reading his legal mail out of his presence to go forward. *See, e.g.*, *Kensu v. Haigh*, 87 F.3d 172, 174 (6th Cir. 1996); *Odom v. Pheral*, No. 5:12CV-P73-R, 2013 WL 1703868, at *9 (W.D. Ky. Apr. 19, 2013).

As already explained to Plaintiff in the Court's initial review, Plaintiff's claims against Defendants in their official capacities are deemed claims against the Commonwealth of Kentucky itself. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). To state a § 1983 claim, a plaintiff must allege that a "person" acting under color of state law deprived the plaintiff of a right secured by the Constitution or federal law. *See* § 1983. States, state agencies, and state officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989). Thus, Plaintiff cannot seek money damages from a state officer, like Defendant French, in her official capacity. The Court will allow Plaintiff to supplement to add the individual-capacity claim against Defendant French for damages.[1]

The Court will not allow Plaintiff's claim against Defendant French regarding "grievance gaming" to continue for the reasons stated above with regard to Barker.

### Alleged assault by Defendant St. Clair

Plaintiff alleges that on March 27, 2018, a day after meeting with Defendant St. Clair regarding his allegations of censorship, Defendants St. Clair and Geisler entered the internet classroom and ordered Plaintiff to stand and place his hands behind his back. Plaintiff alleges

---

[1] Plaintiff's claims for injunctive relief against any RCC Defendants are moot because he is no longer incarcerated there. *Kensu v. Haigh*, 87 F.3d at 175 ("[T]o the extent Kensu seeks declaratory and injunctive relief his claims are now moot as he is no longer confined to the institution that searched his mail.").

that he was handcuffed and led across the prison yard. He states that during this move across the yard Defendant St. Clair "slid his right hand down Vaughan's left arm and crushed the handcuff closed on Plaintiff Vaughan's left hand . . . then raised his right hand up on Vaughan's left forearm digging his fingernail deep into Vaughan's forearm." Plaintiff states that he was treated for a "bleeding laceration to his left forearm and for severe bruising to his left wrist."

The Court will allow Plaintiff's claim that Defendant St. Clair assaulted him at RCC while he was handcuffed resulting in a bleeding laceration to go forward in his individual-capacity for damages.

### Defendant Ribenboim

Plaintiff alleges that after the "second evidential preservation memorandum was sent to the Defendants, [Ribenboim] was observed by the Plaintiff and other inmates removing a key 'prison yard' camera during the week of Apr. 24-27, 2018," which was the camera that had videotaped the assault by Defendant St. Clair. The only other allegation related to Defendant Ribenboim is that Defendant St. Clair contacted Defendant Ribenboim "on Mar 26, 2018, fifteen minutes after the meeting ended in which Vaughan showed St. Clair he was a named Defendant in this lawsuit."

Plaintiff does not explain how removing a camera from the prison yard or being contacted by another Defendant violated Plaintiff's constitutional rights. Consequently, Plaintiff fails to state a claim against Ribenboim, and supplementation of the complaint with this claim would be futile.

### Defendant Chisholm

Plaintiff alleges that Defendant Chisholm witnessed Plaintiff being injured by Defendant St. Clair on March 27, 2018, and that on that date before Plaintiff was transferred to LLCC's

restricted housing unit Defendant Chisholm informed him that Defendant St. Clair and Geisler "seized only Vaughan's legal documents." He also alleges that he believes that Defendant Chisholm "ordered the destruction of this camera and associated video to conceal the assault on Vaughan by Defendant St. Clair."

Plaintiff has not alleged that Defendant Chisholm violated his constitutional rights. He alleges only that Defendant Chisholm witnessed him being injured but did not injure him and that Defendant Chisholm informed him about documents being seized. Finally, Plaintiff alleges that he believes that Defendant Chisholm ordered the destruction of the camera and associated video to conceal the assault. The Court finds this allegation too speculative. First, Plaintiff states only that he believed that Defendant Chisholm gave such an order. Second, Plaintiff does not allege that the camera and/or video actually were destroyed. The Court will not allow supplementation of the complaint regarding this claim.

### *Defendant Geisler*

Plaintiff alleges that on March 27, 2018, Defendant Geisler along with Defendant St. Clair handcuffed him before Defendant St. Clair assaulted Plaintiff while moving him across the yard and that after the assault Defendant St. Clair and Geisler seized Plaintiff's legal documents. He appears to allege that, were it not for this seizure, he would have filed his third amended complaint earlier.

Plaintiff does not state a claim against Defendant Geisler. Plaintiff simply alleges that Defendant Geisler handcuffed him; he does not allege that the handcuffs were too tight or left on too long or that he otherwise suffered an injury from the handcuffs and that he notified Defendant that the handcuffs were too tight. *See, e.g.*, *Cortez v. McCauley*, 478 F.3d 1108, 1129 (10th Cir. 2007) (en banc) ("In some circumstances, unduly tight handcuffing can constitute

excessive force where a plaintiff alleges some actual injury from the handcuffing and alleges that an officer ignored a plaintiff's timely complaints (or was otherwise made aware) that the handcuffs were too tight.").

Nor has Plaintiff stated a claim against Defendant Geisler for seizing legal documents. Plaintiff has not shown that his access to the courts was impacted by this alleged seizure. As the Court has previously explained (DN 52), Plaintiff has not suffered any harm from not filing his third amended complaint earlier. There is no automatic right to file a third amended complaint; a plaintiff must ask for and receive leave of court or have the defendants' consent to do so. *See* Fed. R. Civ. P. 15(a)(2) (Although a party may amend his pleading once as a matter of course in certain situations, which Plaintiff did, "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave."). Plaintiff was not denied the opportunity to move the Court for leave to file a third amended complaint.

### *Claim of civil conspiracy*

Plaintiff's proposed fourth amended complaint makes conclusory claims that a civil conspiracy exists among Defendants. However, as the Court explained in its prior Memorandum Opinion on initial review (DN 15), such conclusory claims do not state a claim for civil conspiracy. *See, e.g.*, *Sango v. Place*, No. 16-2095, 2016 WL 9413659, at *2 (6th Cir. Dec. 21, 2016); *Anderson v. Cty. of Hamilton*, 780 F. Supp. 2d 635, 652 (S.D. Ohio 2011). Therefore, the Court will deny the motion for leave to add this claim.

For the foregoing reasons, the Court **DENIES** Plaintiff's motion (DN 64) requesting to add as Defendants Barker, Geisler, Buck, Moon, Coyne, Stacks, Ferguson, Forgy, Ribenboim, and Jordan and relating to claims of an inadequate law library at LLCC and of an alleged civil conspiracy.

The Court **GRANTS** the motion (DN 64) as to the claim against Defendant St. Clair, who is already a named Defendant, in his individual capacity regarding the alleged assault for damages and against Defendant Angela French in her individual capacity.

The Clerk of Court is **DIRECTED** to add as a Defendant to this action **Angela French** in her individual capacity.

Date: May 6, 2019

Greg N. Stivers, Chief Judge
United States District Court

cc:     Plaintiff, *pro se*
        Counsel of record
4416.009

8