UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:18-CV-00017-GNS-HBB

**MICHAEL VAUGHAN**                                                                        **PLAINTIFF**

**v.**

**JAMES ERWIN et al**                                                      **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

### BACKGROUND

Before the Court are two motions by the Plaintiff. DN 147 is titled "Emergency Motion for Order - Ordering the Eastern Ky Correctional Complex <u>AND</u> Ky. Dept. of Corrections to Allow Plaintiff Vaughan to Send Legal Mail to: the Courts, to the U.S. Dept. of Justice, to the Ky. D.P.A., and to Attorneys." DN 148 is titled "Emergency Objection to Retaliation AND Policies, Practices, and Actions that Prohibit Plaintiff From Further Prosecution of his Case Without Appointed Counsel." Defendant Erwin filed a Response (DN 150).

### DN 147: Emergency Motion to Send Legal Mail

Vaughan complains that prison officials are improperly censoring his outgoing legal mail, which he has attempted to send to this Court, Franklin Circuit Court, Oldham Circuit Court, the Kentucky Court of Appeals, the Kentucky Supreme Court, the Sixth Circuit Court of Appeals, the United States Supreme Court, the Kentucky Department of Public Advocacy, and the United States Department of Justice (DN 147 PageID 2322). He contends that he is being denied writing material and stamps and has had to smuggle outgoing mail (<u>Id.</u>). He asks that the Court order the

facility to allow him to send legal mail to the federal and state courts, his attorneys and the United States Department of Justice (Id.). He also asks that the case be held in abeyance until the matter is resolved (Id.).

### DN 148: Emergency Objection to Retaliation

In this motion, Vaughan similarly complains that he is denied writing materials, that his outgoing mail is improperly censored, and that his incoming mail is being tampered with (DN 148 PageID 2325). He contends that this is in retaliation for his pursuit of separate state litigation against prison officials as well as internal grievances (Id. at PageID 2327). He again asks for an order granting injunctive relief, for appointment of counsel (specifying the attorney he would like to have appointed) and that the matter be held in abeyance (Id. at PageID 2343).

### Requests for Orders Regarding Vaughan's Mail

As noted in this Court's order at DN 137, this action involves claims that Vaughan's rights were violated by denial of access to certain books, for a specific instance of reading Vaughan's legal mail outside his presence and for a specific instance of assault involving the fastening of handcuffs (DN 137 pp. 1-2). The Court's jurisdiction is limited to adjudicating these claims. Vaughan's complaints, while related to his legal mail, are not related to the particular instances that are the subject of his civil complaint. The pendency of an action does not give the Court general jurisdiction over jail officials. *See* Stribling v. Machado, No. 1:18-CV-01061-DAD-BAM (PC), 2019 U.S. Dist. LEXIS 46273, at *7-8 (E.D. Cal. March 20, 2019); Bryant v. Gallagher, No. 1:11-CV-00446-LJO-BAM (PC), 2012 U.S. Dist. LEXIS 156379, at * 4-5 (E.D. Cal. Oct. 31, 2012); Balt v. Haggins, No. 1:10-CV-00931, 2011 U.S. Dist. LEXIS 144472, at *2-3 (E.D. Cal. Dec. 15, 2011).

Appointment of Counsel

Vaughan has been denied appointment of counsel in prior Orders (DN 39, 93). As the undersigned noted in DN 93:

> In a civil case, appointment of counsel is not a constitutional right. Lavado v. Keohane, 992 F.2d 601, 605 (6th Cir. 1993). Title 28, United States Code, section 1915(e)(1) indicates that court-enlisted assistance of counsel is not mandatory, but merely a matter of discretion. See Martin v. Harvey, 14 F. App'x 307, 310 (6th Cir. 2001). Furthermore, appointment of counsel is justified only in exceptional circumstances. Lavado, 992 F.2d at 606. The relevant factors that must be looked at in determining if exceptional circumstances exist are the complexity of the issues involved and the ability of the plaintiff to represent himself. Id.

As the Court has previously concluded, the legal issues underpinning Vaughan's claims are not complex. While he asserts that he is encountering administrative difficulty in sending and receiving mail, he is not, as his myriad filings demonstrate, unable to represent himself.

Stay of Proceedings.

Vaughan seeks a general stay of proceedings "until things are worked out" regarding the handling of his mail and the appointment of counsel (DN 147 PageID 2322; DN 148 PageID 2343). This order resolves those issues, and there is no basis for further delay.

CONCLUSION

**WHEREFORE**, Plaintiff's Emergency Motion for Order (DN 147) and Emergency Objection to Retaliation (DN 148) are **DENIED**.

December 21, 2020

H. Brent Brennenstuhl
United States Magistrate Judge

Copies:    Counsel of Record
           Michael Vaughan, *pro se*