UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:18-CV-00017-GNS-HBB

MICHAEL VAUGHAN                                                                                          PLAINTIFF

VS.

JAMES ERWIN et al                                                                                        DEFENDANT

## MEMORANDUM OPINION AND ORDER

Before the Court are two motions by *pro se* plaintiff Michael Vaughan. The first is a motion to stay this action pending resolution of his petition for rehearing, with suggestion for e*n banc* hearing, filed with the Sixth Circuit Court of Appeals (DN 200). In the second motion, Vaughan requests leave to supplement his previous motion (DN 200), in order to include a draft of his petition for rehearing (DN 202). Defendant James Erwin has filed a Response in opposition to the motion to stay (DN 203). Vaughan has not filed a Reply. The matters stand submitted to the undersigned for ruling.[1]

Vaughan previously sought relief from the Sixth Circuit Court of Appeals in a petition for writ of mandamus in case number 21-5357 (DN 170). He asked the Sixth Circuit Court of Appeals to compel this Court to (1) "identify the active causes of action"; (2) sanction the defendants for violating federal rules and this court's orders; (3) determine whether "automatic admissions by a party . . . override[] the submitted individual capacity admissions; (4) appoint counsel; and/or

---

1   The undersigned notes that Vaughan persists in referring to him as the "Magistrate." That office no longer exists in the federal judicial system. As previously pointed out to Vaughan, thirty-one years ago, Congress changed the title "United States Magistrate" to "United States Magistrate Judge." Judicial Improvements Act of 1990, 104 Stat. 5089, Pub. L. No. 101-650, § 321 (1990) ("After the enactment of this Act, each United States Magistrate . . . shall be known as a United States Magistrate Judge."). Thus, the undersigned's correct title is "Magistrate Judge" or simply "Judge."

vacate certain orders in this an another case (DN 199, p. 2).  On September 22, 2021, the Sixth Circuit Court of Appeals issued an order denying Vaughan's petition (Id. at p. 1).  As to Vaughan's first request, the Court ruled that a subsequent order issued from this Court rendered the request moot (Id. at p. 3).  As to Vaughan's remaining requests, the Court ruled that Vaughan had adequate alternative remedies on appeal for challenging this Court's denial of the underlying motions and consequently denied his petition (Id.).

In the present motion to stay, Vaughan moves that the case be stayed until he obtains a ruling on a petition for *en banc* rehearing before the Sixth Circuit Court of Appeals (DN 200).  His petition for rehearing focuses on whether Defendant Erwin is considered to have made irrevocable admissions (*see* DN 202-1).  Defendant Erwin opposes the motion, arguing that Vaughan has failed to demonstrate in his petition that the Sixth Circuit's rational conflicts with precedent or involves a question of exceptional importance under FED. R. APP. P. 35(b) (DN 203, p. 2).  Erwin notes that he has previously briefed a motion for summary judgment which the Court administratively remanded to allow discovery dispute resolution, and that he is prepared to go forward with the motion (Id.).  A stay, he contends, will unduly further delay the case (Id. at p. 3).

## DISCUSSION

The issuance of a stay pending appeal is decided under the same four factors federal courts consider in granting or denying preliminary injunctive relief.  These are:

1. Whether the appellant has shown a strong or substantial likelihood or probability of success on the merits;

2. Whether the appellant has shown irreparable injury;

3. Whether the issuance of a stay would cause substantial harm to others, and;

4. Whether the public interest would be served by a stay.

Hoop v. Andrews, No. 1:06-cv-603, 2009 U.S. Dist. LEXIS 74851, *2 (S.D. Ohio Aug. 6, 2009) (citing Ohio, ex rel. Celebrezze v. Nuclear Regulatory Comm'n, 812 F.2d 288 (6th Cir. 1987)). These are factors to be balanced, not prerequisites that must be met. Id. (citing Michigan Bell Tel. Co. v. Engler, 257 F.3d 587, 592 (6th Cir. 2001)).

Similar to the present case, there was nothing about the decision denying Hoop's mandamus which suggested the Sixth Circuit Court of Appeals is likely to reconsider it *en banc*. Id. at *4. The Court in Hoop issued a brief order, rather than a longer opinion, and the decision provoked no dissent from a member of the panel. Id. Here, the Sixth Circuit Court of Appeals held, without the need for extended discussion or analysis, that "[n]o prejudice results to a non-moving party where withdrawal of an admission would merely require him to prove his case by alternate means" (DN 199, p. 3) (citing Kerry Steel, Inc. v. Paragon Indus., Inc., 106 F.3d 147, 154 (6th Cir. 1997)). Moreover, the Sixth Circuit held that, to the extent Vaughan contends this Court erred in the ruling, he "has an adequate alternative remedy on appeal for challenging the denial of these motions" (Id.). Consequently, it does not appear Vaughan has a strong or substantial likelihood of success on the merits of his petition for rehearing, nor is there any indication that he will suffer irreparable injury if the case is not stayed.

Conversely, Erwin has an interest in seeing this already long-running case[2] move forward to a dispositive phase. Nothing in Vaughan's motion suggests that a stay would benefit the public interest.

---

2   The Complaint was filed on January 26, 2018 (DN 1).

3

CONCLUSION

**WHEREFORE**, for the reasons discussed above,

**IT IS HEREBY ORDERED** Vaughan's motion to supplement (DN 202) is **GRANTED**.

**IT IS FURTHER ORDERED** Vaughan's motion to stay the proceedings (DN 200) is **DENIED**.

H. Brent Brennenstuhl
United States Magistrate Judge

November 10, 2021

Copies:	Counsel of Record
	Michael Vaughan, *pro se*

4