## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## BOWLING GREEN DIVISION
## CIVIL ACTION NO. 1:18-CV-00017-GNS-HBB

**MICHAEL VAUGHAN**                                                                                          **PLAINTIFF**

**VS.**

**JAMES ERWIN, et al.**                                                                                        **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Michael Vaughan's "**COMBINED: MOTION FOR ABEYANCE AND NOTICE TO THE COURT**" (DN 215). Defendant James Erwin has filed a response (DN 221), and the time for Vaughan to file a reply has expired. The motion is ripe for ruling and, for the reason set forth below, is **DENIED**.

Vaughan's motion essentially seeks an order staying—in this case and a case he filed in the Louisville Division (Vaughan v. Grate, *et al.*, 3:19-CV-00177-CHB)—any rulings on pending summary judgment motions and Vaughan's pending motions (DN 167, 168, and 169) until he has the opportunity to prepare and file the following: (1) a combined motion for injunction and for mandamus against the Kentucky Justice and Public Safety Cabinet (KJPSC) and Kentucky Department of Corrections (KDOC) challenging the amendment of KSR IPP 16-00-02 which mandates the photocopying and shredding of incoming inmate legal mail; (2) a second petition for writ of mandamus again challenging the Court's Fed. R. Civ. P. 36(b) ruling that permitted Erwin to withdraw admissions to Vaughan's requests for admissions; and (3) several more motions and a third petition for writ of mandamus related to issuing subpoenas to various entities, apparently

related to the KDOC policy requiring the photocopying and shredding of incoming inmate legal mail (DN 215 PageID # 3849-56).

The Court has previously indicated that "Vaughan has **three** causes of action remaining: (1) violation of the First Amendment, (2) assault, and (3) unlawful reading of his mail" (DN 180 PageID # 3209) (emphasis in original).  The third cause of action is set forth in Vaughan's Fourth Amended Complaint and the Court has clearly limited its scope to Vaughan's individual-capacity claim against Angela French, the mail-room supervisor at the Roederer Correctional Complex (RCC), for reading his legal mail out of his presence (DN 72 PageID # 983-84).  As Vaughan is no longer housed at the RCC, he is limited to a claim against French for damages (Id.).  Thus, the Court's jurisdiction is limited to adjudicating Vaughan's individual-capacity compensatory damage claim against French for reading his legal mail out of his presence (Id.).

By contrast, the motions and mandamus that Vaughan anticipates filing against the KJPSC and KDOC will be challenging an amendment of KSR IPP 16-00-02, and seeking injunctive relief that will prohibit the KDOC and all KDOC officials from seizing, photocopying, and destroying incoming legal mail at any KDOC facility (DN 215 PageID # 3849-56).  Thus, the relief that Vaughan will be seeking, while related to his legal mail, is not related to Vaughan's individual-capacity compensatory damage claim against French for reading his legal mail out of his presence. The pendency of this action would not give the Court jurisdiction over the KJPSC and KDOC as well as Vaughan's proposed challenge to the amendment of KSR IPP 16-00-02, and the Court cannot issue an order imposing the injunctive relief Vaughan apparently intends to seek.  *See* Stribling v. Machado, No. 1:18-CV-01061-DAD-BAM (PC), 2019 U.S. Dist. LEXIS 46273, at *7-8 (E.D. Cal. March 20, 2019) (citing Summers v. Earth Island Inst., 555 U.S. 488, 491-93 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010)) (court's jurisdiction is

limited to the parties in the action and to viable legal claims upon which the action is proceeding); Bryant v. Gallagher, No. 1:11-CV-00446-LJO-BAM (PC), 2012 U.S. Dist. LEXIS 156379, at *4 (E.D. Cal. Oct. 31, 2012) (citing Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 102-03, 107 (1998)) (pendency of the action provided no basis to award the injunctive relief sought by plaintiff); Balt v. Haggins, No. 1:10-CV-00931, 2011 U.S. Dist. LEXIS 144472, at *2-3 (E.D. Cal. Dec. 15, 2011) (citing Summers, 555 U.S. at 493; Mayfield, 599 F.3d at 969; City of Los Angeles v. Lyons, 461 U.S. 95, 101 (1983)) (pendency of the action did not provide jurisdiction to grant injunctive relief sought). As the pendency of this action would not give the Court jurisdiction over the motions and mandamus that Vaughan plans to file against the KJPSC and KDOC, there is no reason for the Court to stay rulings on the pending motions in this action.

As mentioned above, Vaughan also anticipates filing motions and a third petition for writ of mandamus related to issuance of subpoenas to various entities (DN 215 PageID # 3849-56). Apparently, Vaughan envisions using subpoenas to develop evidence in support of his challenge to the KDOC policy requiring the photocopying and shredding of incoming inmate legal mail (Id.). Rule 26(b)(1) of the Federal Rules of Civil Procedure defines the scope of discovery for a subpoena issued pursuant to Rule 45. Medical Ctr. at Elizabeth Place, LLC v. Premier Health Partners, 294 F.R.D. 87, 92 (S.D. Ohio 2013) (quoting Hendricks v. Total Quality Logistics, 275 F.R.D. 251, 253 (S.D. Ohio 2011)); Barrington v. Mortage IT, Inc., No. 07-61304-CIV, 2007 WL 4370647, at *3 (S.D. Fla. Dec. 10, 2007) (citations omitted). Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). Vaughan does not have a pending claim against the KJPSC and KDOC challenging the KDOC policy requiring the photocopying and shredding of incoming inmate legal mail. For this reason, Vaughan cannot seek

Rule 45 subpoenas in this case to develop evidence in support of his challenge to the KDOC policy requiring the photocopying and shredding of incoming inmate legal mail. As Vaughan plans to file Rule 45 subpoenas, motions, and a third petition for writ of mandamus that are not related to his three remaining claims in this case, there is no reason for the Court to stay rulings on the pending motions in this action.

Finally, Vaughan seeks a stay because he plans to pursue a second petition for writ of mandamus challenging the Court's Fed. R. Civ. P. 36(b) ruling that permitted Erwin to withdraw admissions to Vaughan's requests for admissions (DN 215 PageID # 3849-56). Vaughan previously sought this relief from the Sixth Circuit in a petition for writ of mandamus in case number 21-5357 (DN 170). On September 22, 2021, the Sixth Circuit Court of Appeals issued an order denying Vaughan's petition because it concluded that Vaughan had an adequate alternative remedy on appeal to challenge this Court's Rule 36(b) ruling (DN 199 PageID # 3703). Further, the Sixth Circuit Court commented, "No prejudice results to a non-moving party where withdrawal of an admission would merely require him to prove his case by alternate means" (Id.) (citing Kerry Steel, Inc. v Paragon Indus., Inc., 106 F.3d 147, 154 (6th Cir. 1997)). Vaughan previously filed with this Court a motion for a full abeyance on the case until his planned petition for rehearing, with suggestion of rehearing *en banc*, is filed and ruled on by the Sixth Circuit Court of Appeals and, if necessary, a subsequent appeal to the Supreme Court of the United States is exhausted (DN 200). After considering the four factors that apply to issuing a stay pending appeal, the undersigned denied Vaughan's motion to stay the proceedings (Id. at PageID # 3791-93) (quoting Hoop v. Andrews, No. 1:06-cv-603, 2009 U.S. Dist. LEXIS 74851, *2 (S.D. Ohio Aug. 6, 2009) (citing Ohio, ex rel. Celebrezze v. Nuclear Regulatory Comm'n, 812 F.2d 288 (6th Cir. 1987)). The circumstances have not changed since Vaughan previously sought an abeyance of this action.

Again, it does not appear Vaughan has a strong or substantial likelihood of success on the merits of his anticipated second petition for writ of mandamus, nor is there any indication that he will suffer irreparable injury if the case is not stayed. Conversely, Erwin has an interest in seeing this already long-running case move forward to a dispositive phase. Moreover, nothing in Vaughan's motion suggests that a stay would benefit the public interest. Thus, there is no reason for the Court to stay rulings on pending motions in this action while Vaughan pursues a second petition for writ of mandamus challenging the Court's Fed. R. Civ. P. 36(b) ruling.

To the extent Vaughan seeks an order holding in abeyance a separate civil action filed in this judicial district and pending before a different judge (Vaughan v. Grate, *et al.*, 3:19-CV-00177-CHB), it would be inappropriate for the undersigned to presume to grant relief, even if warranted, and here it clearly is not.

**WHEREFORE**, Vaughan's "**COMBINED: MOTION FOR ABEYANCE AND NOTICE TO THE COURT**" (DN 215) is **DENIED**.

January 26, 2022

H. Brent Brennenstuhl
United States Magistrate Judge

Copies:    Michael Vaughan, *pro se*
           Counsel