UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:18-CV-00017-GNS-HBB

**MICHAEL VAUGHAN**                                                                                      **PLAINTIFF**

**VS.**

**JAMES ERWIN, et al.**                                                                                   **DEFENDANTS**

<u>**MEMORANDUM OPINION
AND ORDER**</u>

Before the Court are Plaintiff Michael Vaughan's "EMERGENCY MOTION FOR ORDER DIRECTED TO KY DEPARTMENT OF CORRECTIONS-TO SEIZE & DESIST: SEIZING/DESTROYING, AND/OR DELAYING, INMATES LEGAL MAIL" (DN 217) and "MOTION FOR SEIZE & DESIST ORDER: KDOC" (DN 222). Both motions are ripe for ruling and, for the reason set forth below, are **DENIED**.

The Court has previously indicated that "Vaughan has **three** causes of action remaining: (1) violation of the First Amendment, (2) assault, and (3) unlawful reading of his mail" (DN 180 PageID # 3209) (emphasis in original). The third cause of action is set forth in Vaughan's Fourth Amended Complaint and the Court has clearly limited its scope to Vaughan's individual-capacity claim against Angela French, the mail-room supervisor at the Roederer Correctional Complex (RCC), for reading his legal mail out of his presence (DN 72 PageID # 983-84). As Vaughan is no longer housed at the RCC, he is limited to a claim against French for damages (<u>Id.</u>). Thus, the Court's jurisdiction is limited to adjudicating Vaughan's individual-capacity compensatory damage claim against French for reading his legal mail out of his presence (<u>Id.</u>).

By contrast, Vaughan's motions seek an order granting injunctive relief against the Kentucky Department of Corrections (KDOC) and all KDOC officials (DN 217 PageID # 3951;

DN 222 PageID # 4109). Specifically, Vaughan asks for an order prohibiting the KDOC and all KDOC officials from seizing, photocopying, destroying, and/or delaying his outgoing and incoming legal mail at any KDOC facility (DN 217 PageID # 3951; DN 222). Thus, the prospective equitable relief that Vaughan seeks in the two motions, while related to his legal mail, is not related to Vaughan's individual-capacity compensatory damage claim against French for reading his legal mail out of his presence. The pendency of this action does not give the Court jurisdiction over the KDOC and all KDOC officials, and the Court cannot issue an order imposing the injunctive relief sought by Vaughan. See Stribling v. Machado, No. 1:18-CV-01061-DAD-BAM (PC), 2019 U.S. Dist. LEXIS 46273, at *7-8 (E.D. Cal. March 20, 2019) (citing Summers v. Earth Island Inst., 555 U.S. 488, 491-93 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010)) (court's jurisdiction is limited to the parties in the action and to viable legal claims upon which the action is proceeding); Bryant v. Gallagher, No. 1:11-CV-00446-LJO-BAM (PC), 2012 U.S. Dist. LEXIS 156379, at *4 (E.D. Cal. Oct. 31, 2012) (citing Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 102-03, 107 (1998)) (pendency of the action provided no basis to award the injunction relief sought by plaintiff); Balt v. Haggins, No. 1:10-CV-00931, 2011 U.S. Dist. LEXIS 144472, at *2-3 (E.D. Cal. Dec. 15, 2011) (citing Summers, 555 U.S. at 493; Mayfield, 599 F.3d at 969; City of Los Angeles v. Lyons, 461 U.S. 95, 101 (1983)) (pendency of the action did not provide jurisdiction to grant injunctive relief sought).

**WHEREFORE**, Vaughan's motions (DN 217; DN 222) are **DENIED**.

January 26, 2022

H. Brent Brennenstuhl
United States Magistrate Judge

Copies:   Michael Vaughan, *pro se*
          Counsel