UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:18-CV-00017-GNS-HBB

MICHAEL VAUGHAN                                                                                          PLAINTIFF

VS.

JAMES ERWIN, et al.                                                                                          DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Before the Court are Plaintiff Michael Vaughan's "MOTION FOR SUBPOENAS: KDOC" (DN 219) and "MOTION FOR SUBPOENAS: RCC" (DN 220). Additionally, Vaughan's motions request an order "forbidding the KDOC from photocopying and destroying the original-sealed-notarized subpoenas sent to Vaughan from the clerk" (DN 219 PageID # 3992-93; DN 220 PageID # 4034). Both motions are ripe for ruling and, for the reasons set forth below, are **DENIED**.

The Court has previously indicated that "Vaughan has **three** causes of action remaining: (1) violation of the First Amendment, (2) assault, and (3) unlawful reading of his mail" (DN 180 PageID # 3209) (emphasis in original). More specifically, the Court allowed "Plaintiff's claim that his First Amendment right to free speech was violated when he has not allowed to order certain books to continue against Defendants in their individual capacities for all relief and in their official capacities for declarative and injunctive relief" (DN 15 PageID # 333).[1] The Court permitted "Plaintiff's claim that Defendant St. Clair assaulted him at RCC while he was handcuffed resulting

---

[1] Additionally, the Court "**ORDERED** that all claims for monetary damages against all Defendants in their official capacities are **DISMISSED** for failure to state a claim and for seeking monetary relief from Defendants who are immune pursuant to 28 U.S.C. § 1915A(b)(1), (2)" (DN 15 PageID # 333) (emphasis in original).

in a bleeding laceration to go forward in his individual-capacity for damages" (DN 72 PageID # 985). And the Court allowed "Plaintiff's claim against Defendant French for reading his legal mail out of his presence to go forward" in her individual-capacity for damages (Id. at PageID # 984).

By contrast, Vaughan's motions concern subpoenas to the Kentucky Department of Corrections (KDOC) and the Roederer Correctional Complex (RCC) for materials that Vaughan believes will support an injunction prohibiting the KDOC and all KDOC officials from seizing, photocopying, and destroying incoming legal mail at any KDOC facility (DN 219 PageID # 3984-93; DN 220 PageID # 4025-34) (citing DN 215 PageID # 3849-56). Thus, the materials Vaughan will be seeking, while related to his legal mail, is not related to Vaughan's claim that: (1) his First Amendment right to free speech was violated when he has not allowed to order certain books; (2) St. Clair assaulted him at RCC while he was handcuffed; and (3) French read his legal mail out of his presence.

Rule 26(b)(1) of the Federal Rules of Civil Procedure defines the scope of discovery for a subpoena issued pursuant to Rule 45. Medical Ctr. at Elizabeth Place, LLC v. Premier Health Partners, 294 F.R.D. 87, 92 (S.D. Ohio 2013) (quoting Hendricks v. Total Quality Logistics, 275 F.R.D. 251, 253 (S.D. Ohio 2011)); Barrington v. Mortage IT, Inc., No. 07-61304-CIV, 2007 WL 4370647, at *3 (S.D. Fla. Dec. 10, 2007) (citations omitted). Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). Vaughan does not have a pending claim challenging the KDOC policy requiring the photocopying and shredding of incoming inmate legal mail. For this reason, Vaughan cannot seek Rule 45 subpoenas in this

case to develop evidence in support of a challenge to the KDOC policy requiring the photocopying and shredding of incoming inmate legal mail.

      **WHEREFORE**, Vaughan's motions (DN 219; DN 220) are **DENIED**.

January 28, 2022

*H. Brent Brennenstuhl*
H. Brent Brennenstuhl
United States Magistrate Judge

Copies:    Michael Vaughan, *pro se*
               Counsel